```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | | |
|---|---|---|
| MARCELL GARDONE, | ) | 2:10-CV-982-ECR-RJJ |
| | ) | |
|     Plaintiff, | ) | MINUTES OF THE COURT |
| | ) | |
| vs. | ) | DATE: August 25, 2010 |
| | ) | |
| COUNTRYWIDE KB HOME LOANS, LLC, a domestic limited liability company; CHRISTI STIGLER, individually; COUNTRYWIDE MORTGAGE VENTURES, LLC, a foreign limited liability company; BAC HOME LOAN SERVICING, LP, a foreign limited partnership; et al | ) ) ) ) ) ) ) ) | |
|     Defendants. | ) | |

PRESENT:    EDWARD C. REED, JR.                              U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN        Reporter:    NONE APPEARING

Counsel for Plaintiff(s)                     NONE APPEARING

Counsel for Defendant(s)                     NONE APPEARING

<u>MINUTE ORDER IN CHAMBERS</u>

    Now pending before the Court are Defendants' motion to dismiss (#8) and Plaintiff's motion to remand (#12). The motions are ripe, and we now rule on them.

    Plaintiff contends that this action must be remanded because we do not have federal question jurisdiction. Defendants contend that Plaintiff's claims, though pled as state law causes of action, require us to resolve issues of federal law. Specifically, Defendants posit that the documents governing Plaintiff's home loan are themselves regulated by RESPA and TILA. Thus, the Court will be required to interpret RESPA and TILA in order to evaluate Plaintiff's claims.

    We disagree. Plaintiff's complaint alleges ten claims for relief: (1) breach of contract; (2) breach of contractual covenant of good faith; (3) violation of Nev. Rev. Stat. § 598D; (4) consumer fraud under Nev. Rev. Stat. § 41.600 and Nev. Rev. Stat. § 598 prohibiting deceptive trade practices; (5) fraud; (6) constructive fraud; (7) negligent misrepresentation; (8) negligence; (9) tortious interference with contract and; (10) civil conspiracy. All of Plaintiff's claims arise under Nevada

statutory of common law.  Federal statutory violations are not necessary elements of any of the claims.  Moreover, Plaintiff does not seek in his prayer for relief rescission under TILA, statutory damages and attorneys' fees under RESPA, or any other specific relief under either statute.  Construing Plaintiff's complaint under the well-pleaded complaint rule, none of Plaintiff's claims appear to require resolution of a "substantial question of federal law."  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983) ("Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").  We therefore conclude that we do not have federal question jurisdiction over Plaintiff's lawsuit.

Finally, Plaintiff requests attorneys' fees under 28 U.S.C. § 1447(c) since removal was improper.  "[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorneys fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, although Defendants' arguments ultimately lack merit, they are not objectively unreasonable.  Accordingly, Plaintiff's request for attorneys' fees is denied.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion to remand (#12) is **GRANTED**.

**IT IS FURTHER ORDERED** Defendants' motion to dismiss (#8) is **DENIED** as moot.

The Clerk shall enter judgment accordingly.

```
                                        LANCE S. WILSON, CLERK
                                        By       /s/
                                             Deputy Clerk
```